**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-CR-20142-CMA**

**UNITED STATES OF AMERICA**

**vs.**

**CHRISTIAN JAMIL SUAZO SANCHEZ,**

**Defendant.**
_____/

## STIPULATED FACTUAL PROFFER IN SUPPORT OF PLEA

If this matter were to proceed to trial, the Government would prove the following facts beyond a reasonable doubt. The Parties agree that these facts, which do not include all facts known to the Government and the Defendant, **CHRISTIAN JAMIL SUAZO SANCHEZ**, are sufficient to prove the guilt of the Defendant of the above-referenced Information:

As to Count One, co-conspirator and undercover agent testimony, paired with corroborating evidence, would show that between 2016 and 2020, a group of individuals conspired together with the Defendant to engage in a series of transactions to benefit narcotics trafficking co-conspirators in their laundering of drug money. The Defendant and the co-conspirators repatriated the profits from the drug trade, moving money from the U.S. back to Honduras, bought properties and other assets in Honduras which were under the control of the drug traffickers though listed as being owned by others, and obtained the tools necessary for the drug organization to engage in additional drug trafficking, such as helping the drug organization buy a boat for their trafficking endeavors. The Defendant was aware that the money involved in the transactions was proceeds of narcotics trafficking activities and that the transactions were occurring in a way to hide

1

the fact that it was proceeds of narcotics trafficking activities, as well as the fact that the money belonged to and was controlled by narcotics traffickers.

The evidence would show that, among other things, bulk cash deliveries were made in the U.S. and the money was wired back to Honduras via U.S. bank accounts. The Defendant coordinated the deliveries of the bulk cash and the wiring of those funds. In June 2019, approximately $162,000 in bulk cash U.S. currency was seized from a co-conspirator of the Defendant as the co-conspirators were getting ready to launder that cash.

As to Count Two, co-conspirator testimony and corroborating evidence would show that between 2018 and 2020, a group of individuals conspired together with the Defendant to send cocaine from Colombia to Honduras, with the knowledge and understanding that at least a portion of this cocaine – at least 5 kilograms – would be later imported into the United States. More specifically, on one instance in October 2019 as part of the conspiracy, the Defendant met with individuals in the United States to broker a shipment of cocaine from Colombia to Honduras and to discuss the logistics of paying for the drugs via U.S. dollars coming from Mexico. The Defendant offered to invest in 100 kilograms of cocaine during this contemplated transaction. The co-conspirators, including the Defendant, were all aware that this cocaine intended for shipment to Honduras would be re-sold by the Defendant's co-conspirators to buyers in Mexico or elsewhere north of Honduras with the understanding that a portion, at least 5 kilograms of cocaine, would then move further north to the U.S.

As a commission for Defendant's roles in the charged offenses, he was paid approximately $150,000.00, which sum constitutes property traceable to property involved in the commission of his offenses, and/or proceeds the Defendant obtained as the result of the commission of the

2

offenses.   At the time of his arrest, law enforcement seized from the Defendant one (1) Rolex

GMT Master II, serial number 282V2217; and one (1) gold chain, 28 inches long, stamped "14K

Italy."   The approximately $38,923.26 seized by the Government on or about August 5, 2020,

was used or to be used to purchase cocaine.   Those assets constitute property involved in or

traceable to property involved in the commission of his offenses, and/or proceeds the Defendant

obtained as the result of the commission of the offenses.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date:   _6/10/22_          By:   _____
                                CHRISTINE HERNANDEZ
                                ASSISTANT U.S. ATTORNEY

Date:   _6/10/22_          By:   _____
                                MARC SEITLES, ESQ.
                                ATTORNEY FOR DEFENDANT

Date:   _6/10/22_          By:   _____
                                CHRISTIAN JAMIL SUAZO SANCHEZ
                                DEFENDANT