UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-20142-CR-ALTONAGA

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

CHRISTIAN JAMIL SUAZO SANCHEZ,

       Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the United States' Motion for Preliminary Order of Forfeiture [ECF No. 44].  The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On April 11, 2022, the United States filed an Information charging Defendant in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and in Count 2 with an international narcotics trafficking conspiracy in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B), and 963.  (*See* Information [ECF No. 30].)  The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property; and upon conviction of a violation of 21 U.S.C. § 963, the Defendant shall forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.  (*See id.* at 3.)

On June 10, 2022, the Court accepted the Defendant's guilty plea to Counts 1 and 2 of the Information.  (*See* Minute Entry [ECF No. 38]; Plea Agreement ¶ 1 [ECF No. 39].)  As part

of the guilty plea, the Defendant agreed to the forfeiture of jewelry and cash, and a forfeiture

money judgment in the amount of $150,000.00.  Specifically, among other provisions in the Plea

Agreement, the Defendant agreed to the following:

> 14.    The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any (i) property, real or personal, involved in the commission of the offenses, in violation of 18 U.S.C. § 1956, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1)(A), and the provisions of 21 U.S.C. § 853; and (ii) property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 963, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

> (a)    a forfeiture money judgment in the sum of $150,000.00 in United States currency, which sum represents the value of any property constituting, or derived from, any proceeds the defendant obtained as the result of the commission of the offenses, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; and

> (b)    One (1) Rolex GMT Master II, serial number 282V2217;

> (c)    One (1) gold chain, 28 inches long, stamped "14K Italy"; and

> (d)    Approximately $38,923.26 in U.S. currency, seized on or about August 27, 2020.

(Plea Agreement ¶ 14).

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court

found that there was a factual basis to support the Defendant's conviction.  (*See* Factual Proffer

[ECF No. 40].)   The Factual Proffer also provided a basis for the forfeiture of property.  (*See id.*

at 2-3.)

As the Defendant agreed in his factual proffer: As to Count One, co-conspirator and

undercover agent testimony, paired with corroborating evidence, would show that between 2016

and 2020, a group of individuals conspired together with the Defendant to engage in a series of transactions to benefit narcotics trafficking co-conspirators in their laundering of drug money. The Defendant and the co-conspirators repatriated the profits from the drug trade, moving money from the U.S. back to Honduras, bought properties and other assets in Honduras which were under the control of the drug traffickers though listed as being owned by others, and obtained the tools necessary for the drug organization to engage in additional drug trafficking, such as helping the drug organization buy a boat for their trafficking endeavors. The Defendant was aware that the money involved in the transactions was proceeds of narcotics trafficking activities and that the transactions were occurring in a way to hide the fact that it was proceeds of narcotics trafficking activities, as well as the fact that the money belonged to and was controlled by narcotics traffickers.

The evidence would show that, among other things, bulk cash deliveries were made in the U.S. and the money was wired back to Honduras via U.S. bank accounts. The Defendant coordinated the deliveries of the bulk cash and the wiring of those funds. In June 2019, approximately $162,000 in bulk cash U.S. currency was seized from a co-conspirator of the Defendant as the co-conspirators were getting ready to launder that cash.

As to Count Two, co-conspirator testimony and corroborating evidence would show that between 2018 and 2020, a group of individuals conspired together with the Defendant to send cocaine from Colombia to Honduras, with the knowledge and understanding that at least a portion of this cocaine—at least 5 kilograms—would later be imported into the United States. More specifically, on one instance in October 2019 as part of the conspiracy, the Defendant met with individuals in the United States to broker a shipment of cocaine from Colombia to Honduras and to discuss the logistics of paying for the drugs via U.S. dollars coming from

Mexico. The Defendant offered to invest in 100 kilograms of cocaine during this contemplated transaction. The co-conspirators, including the Defendant, all were aware that this cocaine intended for shipment to Honduras would be re-sold by the Defendant's co-conspirators to buyers in Mexico or elsewhere north of Honduras with the understanding that a portion, at least 5 kilograms of cocaine, would then move further north to the U.S.

As a commission for Defendant's roles in the charged offenses, he was paid approximately $150,000.00, which sum constitutes property traceable to property involved in the commission of his offenses, and/or proceeds the Defendant obtained as the result of the commission of the offenses. At the time of his arrest, law enforcement seized from the Defendant one (1) Rolex GMT Master II, serial number 282V2217; and one (1) gold chain, 28 inches long, stamped "14K Italy." The approximately $38,923.26 seized by the Government on or about August 5, 2020, was used or to be used to purchase cocaine. Those assets constitute property involved in or traceable to property involved in the commission of his offenses, and/or proceeds the Defendant obtained as the result of the commission of the offenses.

Based on the record in this case, the total value of the proceeds traceable to the offenses of conviction, which proceeds also were involved in the commission of the offenses of conviction, is $150,000.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853:

    i.    One (1) Rolex GMT Master II, serial number 282V2217;
   ii.    One (1) gold chain, 28 inches long, stamped "14K Italy"; and
  iii.    Approximately $38,923.26 in U.S. currency, seized on or about August 27, 2020.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion [ECF No. 44] is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $150,000.00 is hereby entered against the Defendant.

2.      Pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853, the following specific property is hereby forfeited and vested in the United States of America:

   i.     One (1) Rolex GMT Master II, serial number 282V2217;
   ii.    One (1) gold chain, 28 inches long, stamped "14K Italy"; and
   iii.   Approximately $38,923.26 in U.S. currency, seized on or about August 27, 2020.

3.      Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4.      The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7.      The Court retains jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

CASE NO. 22-20142-CR-ALTONAGA

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed.  Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 10th day of August, 2022.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

6